15541

Z. V. PATE, INC., v. KOLLOCK *ET AL.*
(25 S. E. (2d), 728)

December, 1942.

*Mr. J. K. Owens,* of Bennettsville, S. C., Counsel for Appellants,

*Messrs. Stevenson & Lindsay* and *Messrs. Tison & Miller,* all of Bennettsville, S. C., Counsel for Respondents,

May 17, 1943.

MR. ASSOCIATE JUSTICE BAKER delivered the unanimous opinion of the Court:

The respondent, Z. V. Pate, Inc., instituted its action for the foreclosure of a mortgage given it covering the right, title and interest of one, C. N. Kollock, in and to certain lands known as the "Sand Hill Lands" and "Bennettsville Lands" of Nicholas Kollock (deceased), the father of C. N. Kollock, also deceased at the time of the commencement of the foreclosure action.

Those originally made parties-defendants were the mother and the brothers and sisters of the said mortgagor; the husband and children of a deceased sister; one, Elvira "Kollock," the "widow" of the mortgagor and who signed the dower on the mortgage; and G. W. Coggins, who held a mortgage over the "Sand Hill Lands" covering the interest of C. N. Kollock, which mortgage is a prior lien to that of respondent.

In the mortgage to respondent, the interest of C. N. Kollock is described as "My interest in said lands now being the one-tenth part thereof as an heir at law of my father and it is my purpose to mortgage the same, and any other interest that I may hereafter become entitled to."

Paragraph 7 of the complaint is as follows: Plaintiff is further informed that the foregoing interest came to the said C. N. Kollock through will of his father, Nicholas Kollock, as to all the aforesaid property except as to the 456 acres ("Sand Hill Lands"), which were, pursuant to an order of court in the case of *D. D. McColl, as Executor of Nicolas Kollock v. Lucy Jane Kollock et al.,* in the Court of Common

Pleas of said county, conveyed by J. N. Drake and others by deed above recited, and the entire property was burdened with the life estate in Lucy Jane Kollock, but that the said Lucy Jane Kollock by her proper deed surrendered to the remaindermen, including the said C. N. Kollock the said 456-acre tract and the same is unencumbered with her life estate. In addition to the interest taken directly by the said C. N. Kollock from the will of his father, Nicholas Kollock, and the deed of Drake *et al.*, he also inherited his part in the interest in the said property left by his brother, James B. Kollock, who died intestate and unmarried about the year 1927."

Paragraph 9 of the complaint alleges that the plaintiff (respondent) does not seek a deficiency judgment; and the prayer of the complaint is in the usual form in an action in foreclosure.

There is no contest here between the respondent, Z. V. Pate, Inc., and G. W. Coggins, also a respondent, and when we refer to the respondent herein, such reference is to Z. V. Pate, Inc.

The appellants (the mother and the brothers and sisters; and Elvira "Kollock," the "widow" of C. N. Kollock) answered denying that C. N. Kollock had any interest whatsoever in the "Bennettsville Lands"; and alleged that the interest of C. N. Kollock in the "Sand Hill Lands" could be set aside in kind, and that commission in partition should be issued by the Court with instructions to set apart a one-tenth interest; and that only this said interest should be sold.

At some stage of the case, and on motion, by order dated December 10, 1942, one, Mary Ardella McRae Kollock was made a party defendant, and filed an answer which was served upon the respondent, and upon G. W. Coggins, in which she claimed to be the lawful widow of C. N. Kollock, and as such, entitled to dower in any lands of which the said C. N. Kollock died seized and possessed.

At page 21 of the Transcript of Record appears: "The following is the testimony and agreed statement of facts:"

Let this testimony and agreed statement of facts be reported.

On December 11, 1942, Honorable E. C. Dennis, Judge of the Fourth Judicial Circuit, issued his certain judgment and decree in foreclosure in the usual form, ordering the sale of the interest of C. N. Kollock in the "Sand Hill Lands" and next his interest in the "Bennettsville Lands."

After signing the judgment and decree of foreclosure, Judge Dennis wrote and signed the following statement as supplemental to his decree: "This matter came before me about a year ago at Darlington, and it then appeared that the defendant had not served his answer in which he brought up the construction of the Will of Nicholas Kollock upon the defendants not represented by him, and that a judgment as to the construction of the Will by me would therefore not be binding. Accordingly I adjourned the hearing and gave him time to serve these parties. This has not been done and the situation is as it was then, and the mortgages (mortgagees?) should not longer be delayed. This question is indeed not necessarily—if indeed properly—before the Court for determination. The action is to foreclose mortgages given by C. N. Kollock and they have been duly proved and established and certainly the mortgages (mortgagees?) have a right to judgment for the sale of whatever interest their mortgage covers, and the construction of the Kollock will is as to their cause of action irrelevant and no defense to the foreclosure, and I so adjudge."

There has been no attempt by appellants to comply with the rule of this Court requiring that the questions involved be stated in the printed brief. Notwithstanding this, the Court will briefly dispose of the appeal.

It would appear from Exception I that it was intended to question the sale of the interest of C. N. Kollock in the "Bennettsville Lands" until there had been an adjudication of the interest, if any, of the said C. N. Kollock in these lands.

The complaint was one in foreclosure and to sell the interest of C. N. Kollock in said lands. The answering defendants denied that C. N. Kollock owned an interest in this land, but their answer was not served upon the heirs at law of Bessie Kollock Welch, a deceased sister of C. N. Kollock, and therefore any decree of the Court in this action would not be binding upon these defendants.

If the appellants desired an adjudication of the interest of C. N. Kollock in the "Bennettsville Lands," it was encumbent upon them, and not upon the respondent, to place the Court in a position to make a binding order. It was not necessary to respondent's cause of action that it be determined if in fact C. N. Kollock had an interest in these lands, nor the precise interest that he owned, unless the decree of sale provided for the sale of a definite interest.

Exception II alleges error in ordering the sale of the entire tract of the "Sand Hill Lands," and a division of the proceeds of the sale when the said lands could be equitably divided in kind amongst the co-tenants.

The decree of foreclosure and sale provides that the interest of C. N. Kollock in said land be sold. We know of no requirement of the law that in a foreclosure suit against the interest of a mortgagor where admittedly his interest is that of a cotenant, that such interest must be first partitioned and set aside; and we have been cited no holding of this Court to such effect. The cases cited are not apposite to this issue.

Exception III alleges error in ordering the sale of the interest of C. N. Kollock in either or both properties until the Court has determined who is the widow of C. N. Kollock; that if Elvira Kollock is the widow, then the renunciation of dower on the respondent's mortgage is good, but if Mary Ardella McRae Kollock is the widow, then this dower in the mortgaged land, or interest therein, is outstanding.

We do not know how this issue will be tried since the same counsel is counsel of record for both of these women.

But, aside from this, the decree of foreclosure does not purport to sell the interest of C. N. Kollock, free from the right of dower.

Exception IV alleges error in the statement of fact by the trial Judge contained in the first sentence of his supplemental order hereinbefore set out.

If the learned Circuit Judge made an erroneous statement of fact, it was the duty of the appellants to first make a motion before him to correct such statement. There is nothing in the record other than that contained in the exception tending to show that the statement of fact was erroneous.

Exception V is encompassed by the exceptions already passed upon, and it is, therefore, overruled.

All exceptions are overruled, and the case is remanded for further order or orders as respondent may be advised is necessary to carry into effect the order appealed from.

Affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE, concur.